UNITED STATES DISTRICT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XIAOGUANG ZHU, and ZHEJIANG ONTORES BIOTECHNOLOGIES CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| KEYONG ZOU, and BOSTON OPEN LABS LLC, | |
| Defendants. | |

## VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1.      Plaintiffs, investors in a business formed as a limited liability company, bring this civil action seeking orders from this Court that defendants be compelled to produce all books and records related to the operation of Boston Open Labs LLC; that a receiver pendente lite be appointed and an accounting conducted; that pending the appointment of a receiver, a preliminary injunction to be issued, enjoining all defendants from making any payments or transferring money, property (real and personal), or other assets or things of value, or from assuming or undertaking any further debts, obligations or other liabilities, other than in the ordinary course of business; and that the Court grant such other relief as is appropriate under the circumstances.

### PARTIES

2.      Plaintiff Xiaoguan Zhu ("Zhu") is a natural person and a Chinese national with a permanent residence at Room 1-301, Building 7, 283 Wansong Road, Anyang

District, Ruian, Zhejiang, China.

3.      Plaintiff Zhejiang Ontores Biotechnologies Co., Ltd ("Ontores") is a company organized under the laws of China on or about July 12, 2002, with its principal offices located at 4th Floor, Building 4th, No. 16 Longtan Road, Yuhang District, Hangzhou, Zhejiang, China.

4.      Upon information and belief, Defendant Boston Open Labs LLC ("BOL" or the "LLC") is a limited liability company organized under the laws of the Commonwealth of Massachusetts on or about March 26, 2010.

5.      Upon information and belief, the principal offices of BOL are located at 34 Bear Hill Road, Waltham, MA 02451.

6.      Upon information and belief, Defendant Keyong Zou ("Zou"), a natural person, has a permanent residence at 21 Thrush Street, West Roxbury, Suffolk County, MA 02132.

## JURISDICTION AND VENUE

7.      This court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000 exclusive of costs and interest.

## FACTS

8.      A Certificate of Organization filed with the Massachusetts' Secretary of State's Office on or about March 26, 2010 named Defendant Zou and two additional individuals, Lei Guo and Minghua Chen, as the managers of Boston Open Labs-Bio Inn, LLC;

9.      The Annual Report filed with the Massachusetts' Secretary of State's Office

on or about March 30, 2012 named Defendant Zou as the sole manager of Boston Open Labs-Bio Inn, LLC; and as the resident agent for purposes of service of process.

10.     Defendant Zou acted as the sole manager of Boston Open Labs-Bio Inn, LLC and as the resident agent since 2012.

11.     Upon information and belief, on or about March 16, 2016, Defendant Zou amended the LLC's name from Boston Open Labs-Bio Inn, LLC to Boston Open Labs, LLC.

12.     Ontores holds ninety percent (90%) of BOL's membership interest and Zou held ten percent (10%) of BOL's membership interest since 2010.

13.     On or about May 29, 2016, the first special board of directors' meeting of Ontores was held in Hangzhou, China, and the board decided to buyout Zou's ten percent (10%) BOL's membership interest.[1]

14.     Zhu, individually, holds 3,420,000 shares of Ontores' stock, or 13.78% of total outstanding shares of Ontores.

15.     Zhu, as the Executive Partner of Hangzhou Chengjiu Investment Management Partnership, holds 2,640,000 shares of Ontores' stock, or 10.64% of total outstanding shares of Ontores.

16.     From April 27, 2012 to December 31, 2015, Ontores made sixteen wire transfers of funds to BOL for BOL's operation, totaling Three Million and Ninety Thousand Dollars ($3,090,000.00).

17.     Zou did not execute decisions of the Ontores's Board related to BOL's

---

[1] Ontores's buyout agreement of Zou's ten percent (10%) BOL's membership interest has been reached, but not executed completely, therefore Ontoes's hold at least 90% of BOL's membership interest, or up to 100% of BOL's membership interest.

operation and did not report to the Ontores's Board for the progress of BOL's projects as required by the Board.

18.     Zou did not provide Ontores business records of BOL.

19.     On or about August 1, 2016, the second special board of directors' meeting of Ontores was held in Hangzhou, China, and the board voted to remove Zou's management positions in Ontores. During the same meeting, Zhu was elected as the new Managing Director and General Manager of Ontores. The board also decided to launch an internal audit and an investigation on Zou.

20.     On or about August 16, 2016, the second special shareholders' meeting of Ontores was held in Hanzhou, China, and the majority shareholders voted to remove Zou's management positions in BOL. At the same time, Zhu and Shihuang Xie were elected to be new Managers of BOL.

21.     On or about August 16, 2016, Ontores executed a written consent of Majority-In-Interest to remove Zou from BOL's management position.

22.     On or about August 19, 2016, Ontores instructed the undersigned counsel to file a Certificate of Amendment with Massachusetts' Secretary of State's Office to reflect the management changes in the LLC.

23.     On or about August 23, 2016, without appropriate authorization, Zou filed a Certificate of Amendment with Massachusetts' Secretary of State's Office and reversed management changes which was filed by Ontores's counsel on August 19, 2016.

24.     Upon information and belief, on or about August 23, 2016, without appropriate authorization, Defendant Zou amended the LLC's name from Boston Open Labs, LLC to Boston Open Labs LLC with Massachusetts' Secretary of State's Office.

25.     Upon information and belief, there has been no filing made with the Secretary of State's office subsequent to August 23, 2016 in connection with the management or operation of BOL.

26.     Upon information and belief, at no time relevant to the herein action has there been a written operating agreement in effect relating to BOL.

27.     Upon information and belief, Zou has been solely responsible for BOL's operation in United States.

<u>COUNT I: PRODUCTION OF RECORDS</u>

28.     Plaintiffs restate and incorporate herein the allegations set forth in paragraphs 1-27, above.

29.     On or about August 15, 2016, the undersigned counsel contacted Zou to discuss the merits of the disputes, but Zou refused.

30.     On or about August 18, 2016, Plaintiffs Ontores and Zhu, by their undersigned attorney, in writing, requested Zhu (1) to provide accountings for the Company's bank accounts, investment accounts, commercial loans (if any), payrolls, fixed assets, and account payables and receivables; (2) to assist the Company to make necessary changes on the registrations of the Company's bank accounts; (3) to assist the Company to make necessary updates and filings with SOC office of Massachusetts to reflect the changes in the Company; (4) to provide contact information of the landlord, property management company(ies), and other business and/or office service related providers; (5) to provide the Company's website's login information and Domain registration information; (6) to assist the Company to make necessary changes and updates on the agreements related to the Company's operation and services, including but

not limited to lease agreement, equipment service agreement, telephone service agreement, internet service agreement, website service agreement, etc. (7) to provide the Company all properties, information, and documents related to the Company's operation under Zou's control or proccession.

31.    On August 22, 2016, Zou, by his attorney, Harold Jacobi, III ("Attorney Jacobi") contacted the undersigned counsel by email in which Attorney Jacobi concluded that Plaintiffs' actions were "unlawful."

32.    On August 22, 2016, upon receiving the email from Attorney Jacobi, the counsel for Defendant Zou, the undersigned counsel replied Attorney Jacobi's email and inquired about the possibility to discuss the matter, but no response was received as of today.

33.    Plaintiffs have been denied access to the standard business documents of the type referred to in Section 9 of the Massachusetts Limited Liability Company Act, M.G.L. c. 156C.

34.    Defendants' refusal to provide Plaintiffs with access to BOL's business records of the LLC is in violation of M.G.L. c. 159, Section 9.

35.    There is no adequate remedy at law for the Defendants' continued failure to provide Plaintiff with access to BOL's business records.

COUNT II: APPOINTMENT OF RECEIVER & ACCOUNTING

36.    Plaintiffs restate and incorporate herein the allegations set forth in paragraphs 1-35, above.

37.    Upon information and belief, defendants have been engaged in conduct which tends to prejudicially affect the business purposes and standing of BOL.

38.     Defendants have wrongfully excluded and continue to wrongfully exclude plaintiffs from participating in the management of BOL.

39.     Upon information and belief, defendants have, or are currently, engaged in discussions with a third party or parties concerning the sale of certain assets of BOL.

40.     Plaintiffs further believe that based on Zou's conduct of the last several years, that if Zou remain in control of BOL, Zou would maintain his prodigal financial self-dealing and the companies would be ruined, with no hope of recovery for the plaintiffs.

41.     Equitable relief is necessary to safeguard the business, protect plaintiffs' interests, and other investors' interests.

42.     Zou should be enjoined from exercising any management or control whatsoever over any BOL business. In the alternative or in addition, a receiver should be appointed for BOL to oversee the operation of the BOL's businesses.

43.     Zou should produce a full and complete accounting immediately to the Plaintiffs.

44.     Wherefore the plaintiffs request that this Honorable Court appoint a receiver to take control of BOL, and for such other relief as is just and equitable in the circumstances.

## COUNT III: BREACH OF FIDUCIARY DUTY

45.     Plaintiffs restate and incorporate herein the allegations set forth in paragraphs 1-44, above.

46.     Zou is the sole Manager of BOL whose majority interest is held by Ontores, a Chinese company.

47.     Zou has been entrusted with BOL's investors' investment for BOL's business operation in United States and Zou owes BOL's shareholders, including the Plaintiffs in this action, a fiduciary duty.

48.     Zou breached this fiduciary duty, all as set forth above, by refusing executing the decision of BOL's majority shareholder or Majority-In-Interest.

49.     Zou further breached this fiduciary duty by filing certificate of amendment on August 23, 2016 at the Secretary of State Office for the Commonwealth of Massachusetts in Boston, Massachusetts, without authorization, removing and replacing the duly elected Managers of BOL, as well as changing BOL's name without appropriate authorization or consent of Majority-In-Interest.

50.     In addition, Zou's reckless spending and abusive behavior caused the BOL and Ontores to incur significant legal bills to resolve this matter.

51.     Wherefore the plaintiffs request this Honorable Court to determine their damages and enter judgment against Zou including, attorney fees, costs, and interest.

## COUNT IV: FOR A PRELIMINARY INJUNCTION

52.     Plaintiffs restate and incorporate herein the allegations set forth in paragraphs 1-51, above.

53.     Plaintiffs are likely to succeed on the merits of their claims against the defendants.

54.     Given the past actions of the defendants, the plaintiffs face an imminent risk of the depletion and dissipation of the assets of BOL.

55.     The harm to the plaintiffs outweighs any potential harm the issuance of a preliminary injunction may cause the defendants.

**WHEREFORE**, Plaintiffs, Zhu and Ontores, demand:

1. That a receiver be appointed to take control and management of BOL, its business and its assets, and to manage the business, and to oversee the operation of BOL pending the resolution of this case;

2. That a full and complete accounting be had between the parties and their respective interests;

3. That defendants be compelled to provide plaintiffs and/or any agent(s) designated by plaintiffs access to all relevant business records maintained by BOL, any agent, employee, accountant, attorney and/or consultant thereto;

4. That defendants, its agent(s), employee(s), accountant, attorney and/or consultant thereto, be restrained, preliminarily and permanently and pending this action, from participating in or interfering with the management of BOL and any enterprise related thereto, and from selling, disposing, or encumbering any of the assets belonging to or used in connection with BOL;

5. That Defendant Zou be ordered to pay to the plaintiffs the costs of this suit and counsel fees, together with interest, and that defendants further be ordered to bear all costs of the receivership, including, without limitation, all costs of the accounting, such accounting to be conducted under the direction of the receiver; and

6. And for such other and further relief to plaintiffs as this Court deems just and equitable.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted:

XIAOGUANG ZHU, and ZHEJIANG
ONTORES BIOTECHNOLOGIES CO., LTD.

/s/ Ye Edward Huang          
Ye Edward Huang (BBO#: 671519)
LAW OFFICE OF YE E. HUANG
70 Manor Avenue
Wellesley, MA 02482
Dated:   September 12, 2016      (781) 922-8888
yehuang@lawyeh.com

## VERIFICATION

I, Xiaoguang Zhu, individually, and in my capacity as Managing Director and General Manager of ZHEJIANG ONTORES BIOTECHNOLOGIES CO., LTD., hereby state under oath and under penalty of perjury that the facts and allegations stated in this Verified Complaint are true to the best of my knowledge, information and belief.

Xiaoguang Zhu, Individually and as
Managing Director/General Manager of
ZHEJIANG ONTORES BIOTECHNOLOGIES CO., LTD.